# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA, CDCR #T-77914,<br><br>                                   Plaintiff,<br><br>vs.<br><br>CDCR; CALIFORNIA CORRECTIONS HEALTH CARE SERVICES; DR. S. KO; DR. A. SANGHA; L.D. ZAMORA; JOHN AND JANE DOES,<br><br>                                   Defendants. | Civil No.    12cv1084 IEG (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [ECF No. 2];**<br><br>**(2) DISMISSING DEFENDANTS CDCR AND CALIFORNIA CORRECTIONS HEALTH CARE SERVICES PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A; and**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

Richard Garcia ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was housed at Centinela State Prison in 2011. (*See* Compl. at 5.)  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP")  [ECF No. 2]

///

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

First, to the extent Plaintiff asserts claims against the "California Corrections Health Care Services" and the California Department of Corrections and Rehabilitation ("CDCR"), the Court finds the claims against these Defendants must be dismissed for failing to state a claim and for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

& (iii). The State of California, the CDCR, an agency of the State of California, and Departments within the CDCR, are not "persons" subject to suit under § 1983 and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against the CDCR and the "California Corrections Health Care Services" are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend.

As for the remaining claims against the remaining Defendants, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3). However, Plaintiff must make an effort to identify the unnamed Defendants and amend his pleading to substitute their true names. While the use of "Doe" Defendants is disfavored, the Court will not dismiss Plaintiff's claims at this time. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery and amend his complaint to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Defendants CDCR and the "California Corrections Health Care Services" are hereby DISMISSED from this action pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend.

5. The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon Defendants **Ko, Sangha, Zamora, John Does and Jane Does** and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a copy of this Order and a copy of his Complaint and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**DATED: June 4, 2012**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**