

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12

RICHARD GARCIA,
CDCR # T-77914,

13

Plaintiff,

14
15

vs.

16
17

C.D.C.R., et al.,

18
19

Defendants.

20

Civil No.    12cv1084 IEG (KSC)

**ORDER:**

**(1)  DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [ECF No. 18];**

**AND**

**(2) GRANTING PLAINTIFF'S MOTION FOR STAY AND EXTENSION OF TIME IN WHICH TO FILE OPPOSITION [ECF No. 16]**

21

22      Plaintiff, a state prisoner currently incarcerated at California State Prison–Los Angeles

23  County ("CSP-LAC"), in Lancaster, California, is proceeding pro se and *in forma pauperis* with

24  this civil action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges his rights to adequate

25  medical care, due process, and to be free of cruel and unusual punishment were violated while

26  he was an inmate at Centinela State Prison in 2011.  *See* Compl. [ECF No. 1] at 1-6.

27  / / /

28  / / /

1    **I.      Procedural Background**

2         On November 30, 2012, Defendants filed a Motion to Dismiss pursuant to FED.R.CIV.P.

3    12(b) and 12(b)(6) [ECF No. 13].  Because Defendants move to dismiss, in part, based on

4    Plaintiff's alleged failure to exhaust available administrative remedies prior to suit pursuant to

5    42 U.S.C. § 1997e(a), the Court provided Plaintiff with notice and an opportunity to develop the

6    record regarding exhaustion.  *See* Dec. 20, 2012 Order [ECF No. 14] at 1-2 (citing *Wyatt v.*

7    *Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)).  Plaintiff was directed to file and serve his

8    opposition, including evidentiary materials related to exhaustion, by January 14, 2013.

9    Defendants were ordered to reply by January 22, 2013, and the Motion was set for hearing

10   without oral argument as submitted on January 28, 2013.  *Id.*

11   **II.     Plaintiff's Pending Motions**

12        On January 30, 2013,[1] however, Plaintiff submitted a Motion to Appoint Counsel [ECF

13   No. 18], accompanied by a Motion to Stay Defendants' Motion to Dismiss and "expansion of

14   time."  [ECF No. 16].

15        **A.      Motion for Appointment of Counsel**

16        "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust*

17   *Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts

18   do not have the authority "to make coercive appointments of counsel." *Mallard v. United States*

19   *District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S.*

20   *Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

21        Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"

22   that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."

23   *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding

24   of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation

25

26        [1] Plaintiff's Motions were received by the Clerk of Court on January 30, 2013, but are timely
     because they are considered "filed" as of January 14, 2013–the date Plaintiff's proof of service indicates
27   he delivered them to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988)
     (undre the prisoner "mailbox rule," a notice of appeal filed by a pro se prisoner is deemed to be "filed"
28   when it is delivered to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567
     F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se
     prisoners.").

of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

No doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, so long as a pro se litigant, is able to "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff requests counsel on grounds that he is indigent, has only a "5.3 grade point level," has been proceeding thus far with the help of another inmate, and has limited access to the law library. *See* Pl.'s Mot. [ECF No. 18] at 1-2. However, these circumstances are typical of almost every pro se prisoner civil rights cases, and alone are insufficient to demonstrate the type of "exceptional" circumstances which are necessary to justify the appointment of counsel under *Wilborn* and its progeny. In fact, Plaintiff has shown that he has a good grasp of basic litigation procedure, has effected service of his own Complaint and summons via the U.S. Marshal, and has to date been able to articulate the facts underlying the basis of his suit adequately in light of its relative legal complexity. *Agyeman,* 390 F.3d at 1103; *Terrell*, 935 F.2d at 1017; *Palmer*, 560 F.3d at 970 (finding district court did not abuse its discretion in refusing to appoint counsel when pro se prisoner "had done 'quite a good job' putting on his case and was able to "present evidence effectively.").

1    For these reasons, the Court DENIES Plaintiff's Motion to Appoint Counsel without

2    prejudice (ECF No. 18).

3    **B.    Motion to Stay and/or Extend Time**

4    Plaintiff also asks the Court to stay the proceedings in this case, and to defer ruling on

5    Defendants' Motion until it either appoints him counsel for him or, in the alternative, grants him

6    additional time in which to file his Opposition.  *See* Pl.'s Mot. to Stay [ECF No. 16] at 1-2.

7    Plaintiff claims he "has practically had no access to the law library" at CSP-LAC, is "proceeding

8    with the assistance of another ... inmate," and did not receive this Court's Dec. 20, 2012 *Wyatt*

9    Notice until January 9, 2013.[2]  *Id.*

10   "'[S]trict time limits . . . ought not to be insisted upon' where restraints resulting from a

11   pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines."

12   *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d

13   465, 468 (9th Cir. 1967)); *see also McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992),

14   *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Bennett*

15   *v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (district court erred in not extending pro se

16   prisoner's time for filing an amended complaint [which court held prisoner had the "right" to file

17   under *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)] when prisoner's failure to meet 30-day

18   leave-to-amend deadline was result of alleged lockdown and confiscation of prisoner's legal

19   materials and where amended complaint was submitted within 30 days of original deadline);

20   *Ordonez v. Johnson*, 254 F.3d 814, 816 (9th Cir. 2001) (finding abuse of discretion "where pro

21   se prisoner delivered his amended complaint to the district court before the filing deadline," but

22   district court rejected the timely complaint solely for non-compliance with a local rule" which

23   required the prisoner to provide an extra copy for the judge's use).

---

25   [2] It appears that while Plaintiff was at Kern Valley State Prison when he filed his Complaint in April 2012, he was transferred to CSP-LAC at some point before October 9, 2012, when he submitted

26   a "Notice of Compliance" related to U.S. Marshal Service which includes a return address at CSP-LAC [ECF No. 6].  While no filings in this case have been returned as undeliverable, and the Certificate of

27   Service attached to Defendants' Motion [ECF No. 13] indicates it *was* served upon Plaintiff at CSP-LAC, Plaintiff is hereby cautioned that while the Clerk of Court has now changed his address to CSP-

28   LAC in the docket, it is *his* responsibility to file a separate Notice of Change of Address if he is transferred or released, and to "keep the court and opposing parties advised as to [his] current address." *See* S.D. CAL. CIVLR 83.11(b).

1    Thus, to the extent Plaintiff claims the consequences of confinement, including limited

2   access to CSP-LAC's law library, have already prevented timely and meaningful compliance

3   with the January 14, 2013 deadline previously set for filing his Opposition, *see Eldridge*, 832

4   F.2d at 1136, the Court finds good cause exists to defer ruling on Defendants' Motion and grant

5   Plaintiff's request for an extension of time to oppose it. *See* S.D. CAL. CIVLR 12.1 ("Extensions

6   of time ... shall only be secured by obtaining the approval of a judicial officer, who shall base

7   the decision on a showing of good cause.").

8   **III.    Conclusion and Order**

9        For the reasons set forth above, the Court hereby:

10       1)    **DENIES** Plaintiff's Motion for Appointment of Counsel [ECF No. 16]; but

11       2)    **GRANTS** Plaintiff's Motion to Stay and Extend Time [ECF No. 18].

12       Plaintiff shall have until **Monday, March 18, 2013**, to file and serve his Opposition to

13   Defendants' Motion to Dismiss [ECF No. 13].  Defendants, for their part, shall likewise be

14   provided additional time, or until **Monday, March 25, 2013**, to file and serve their Reply.

15       **IT IS FURTHERED ORDERED** that the January 28, 2013 hearing date previously set

16   for consideration of Defendants' Motion to Dismiss [ECF No. 13] is **VACATED**.  Defendants'

17   Motion is taken off-calendar and shall be considered submitted as of **Monday, April 1, 2013**.

18   Unless otherwise Ordered, the Court shall thereafter enter its written decision on the papers

19   without requiring appearances of any kind or holding any oral argument. *See* S.D. CAL. CIVLR

20   7.1(d)(1).

21       **IT IS SO ORDERED.**

22

23   DATED: February 5, 2013    _____

24                              HON. IRMA E. GONZALEZ
                                United States District Judge

25

26

27

28