# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA, CDCR # T-77914,<br><br>                        Plaintiff,<br><br>vs.<br><br>C.D.C.R., et al.,<br><br>                        Defendants. | Civil No.   12cv1084 IEG (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [ECF No. 18];**<br><br>**AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR STAY AND EXTENSION OF TIME IN WHICH TO FILE OPPOSITION [ECF No. 24]** |

Plaintiff, a state prisoner currently incarcerated at California State Prison–Los Angeles County ("CSP-LAC"), in Lancaster, California, is proceeding pro se and *in forma pauperis* with this civil action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges his rights to adequate medical care, due process, and to be free of cruel and unusual punishment were violated while he was an inmate at Centinela State Prison in 2011.  *See* Compl. [ECF No. 1] at 1-6.

/ / /

/ / /

## I.     Procedural Background

On November 30, 2012, Defendants filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b) and 12(b)(6) [ECF No. 13]. Because Defendants move to dismiss, in part, based on Plaintiff's alleged failure to exhaust available administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a), the Court provided Plaintiff with notice and an opportunity to develop the record regarding exhaustion. *See* Dec. 20, 2012 Order [ECF No. 14] at 1-2 (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)). Plaintiff was directed to file and serve his opposition, including evidentiary materials related to exhaustion, by January 14, 2013. Defendants were ordered to reply by January 22, 2013, and the Motion was set for hearing without oral argument as submitted on January 28, 2013. *Id.*

On January 30, 2013, however, Plaintiff submitted a Motion to Appoint Counsel [ECF No. 18], accompanied by a Motion to Stay Defendants' Motion to Dismiss and "expansion of time." [ECF No. 16]. The Court denied Plaintiff's Motion for Appointment of Counsel and granted him an extension of time to file his Opposition to Defendants' Motion. [ECF No. 19]. However, rather than filing his Opposition, Plaintiff has filed virtually the identical request he previously filed seeking appointment of counsel and "request for another stay in abeyance." [ECF No. 24].

### A.     Motion for Appointment of Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's

ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

No doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, so long as a pro se litigant, is able to "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff again requests counsel because he claims he does not "understand anything" and without representation his "case is as good as lost before it even begins." *See* Pl.'s Mot. [ECF No. 24] at 1. As the Court stated in its previous Order, these circumstances are typical of almost every pro se prisoner civil rights cases, and alone are insufficient to demonstrate the type of "exceptional" circumstances which are necessary to justify the appointment of counsel under *Wilborn* and its progeny. In fact, Plaintiff has shown that he has a good grasp of basic litigation procedure, has effected service of his own Complaint and summons via the U.S. Marshal, and has to date been able to articulate the facts underlying the basis of his suit adequately in light of its relative legal complexity. *Agyeman,* 390 F.3d at 1103; *Terrell*, 935 F.2d at 1017; *Palmer*, 560 F.3d at 970 (finding district court did not abuse its discretion in refusing to appoint counsel when pro se prisoner "had done 'quite a good job' putting on his case and was able to "present evidence effectively.").

/ / /

For these reasons, the Court DENIES Plaintiff's Motion to Appoint Counsel without prejudice. [ECF No. 24.]

### B. Motion to Stay and/or Extend Time

Plaintiff also asks the Court to stay the proceedings in this case, and to defer ruling on Defendants' Motion until it appoints him counsel for him. *See* Pl.'s Mot. to Stay [ECF No. 24] at 2. The Court has previously granted Plaintiff an extension of time. [ECF No. 19]. The Court will grant Plaintiff one more extension of time but no further requests will be considered absent a showing of extraordinary circumstances.

## III. Conclusion and Order

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion for Appointment of Counsel [ECF No. 24]; but

2) **GRANTS** Plaintiff's Motion to Stay and Extend Time [ECF No. 24].

Plaintiff shall have until **Monday, May 20, 2013**, to file and serve his Opposition to Defendants' Motion to Dismiss [ECF No. 13]. Defendants, for their part, shall likewise be provided additional time, or until **Tuesday, May 28, 2013**, to file and serve their Reply.

Following these submissions, unless otherwise Ordered, the Court shall thereafter enter its written decision on the papers without requiring appearances of any kind or holding any oral argument. *See* S.D. CAL. CIVLR 7.1(d)(1).

**IT IS SO ORDERED.**

DATED: April 25, 2013

_____
HON. IRMA E. GONZALEZ
United States District Judge