UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br>CDCR # T-77914,<br><br>                 Plaintiff,<br><br>vs.<br><br>C.D.C.R., et al.,<br><br>                 Defendants. | Civil No.    12cv1084 IEG (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b) & 12(b)(6)** |

**I.    Procedural History**

Plaintiff, a state prisoner currently incarcerated at California State Prison–Los Angeles County ("CSP-LAC"), in Lancaster, California, is proceeding pro se and *in forma pauperis* with this civil action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges his rights to adequate medical care, due process, and to be free of cruel and unusual punishment were violated while he was an inmate at Centinela State Prison in 2011. *See* Compl. [ECF No. 1] at 1-6.

On November 30, 2012, Defendants filed a Motion to Dismiss for failing to exhaust his administrative remedies for failing to state a claim pursuant to FED.R.CIV.P. 12(b) & 12(b)(6).[1]

---

[1] Both the Court and Defendants have provided Plaintiff notice of his opportunity to develop a record and to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative

1  [ECF No. 57.] Instead of filing an Opposition, Plaintiff filed two Motions to Stay the
2  proceedings and Motions for Extension of Time to file an Opposition. The Motions toStay were
3  denied but Plaintiff was granted an extension of time on two occasions to file his Opposition.
4  [ECF Nos. 19, 25.] Those dates have since passed and Plaintiff has failed to file an Opposition.

     The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Karen S. Crawford is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

**II.     Plaintiff's Factual Allegations**

     On January 20, 2011, Plaintiff was housed at Centinela State Prison ("CEN"). (*See* Compl. at 4.) On that date, Plaintiff became involved in physical altercation with another inmate. (*Id.*) Plaintiff contends that CEN prison officials "negligently" used "O.C. pepper spray" to stop the altercation between Plaintiff and the other inmate. (*Id.*) Plaintiff alleges that he was sprayed with pepper spray in his "mouth, face and overall body," and he was shot in the "back upper left shoulder area with a 40 mm gun" by an officer in the control tower. (*Id.*) Plaintiff claims as soon as he was shot he "immediately dropped to the ground and assumed the prone position." (*Id.*) Even though Plaintiff was "immobilized" from the first shot, "choking, as well as unable to see from the pepper spray," he was shot again in his forearm and the right side of his head. (*Id.*)

     Plaintiff was charged with a rules violation and placed in Administrative Segregation ("Ad-Seg") following this incident. (*Id.*) Plaintiff alleges that prison staff conspired to "cover up" the incident in part by failing to "assess and evaluate the severity of [Plaintiff's] head wounds/injury." (*Id.*) Plaintiff was eventually taken to the Correctional Treatment Center ("CTC") where he was examined, his wounds were cleaned and he was given bandages for his head wound. (*Id.* at 5.) Plaintiff was not given "any x-rays, c.t. scan or any type of intensive care, examinations etc." (*Id.*) Plaintiff alleges he told the CTC staff that he was suffering from severe headaches, dizziness, blurred vision and a hurt back. (*Id.*) It was later determined that

---

remedies as were available to him prior to filing suit as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). [ECF No. 13-2; 14.]

Plaintiff had a "large laceration, a fractured skull, disfigurement and impaired vision." (*Id.* at 4.)

Five days after the incident, Plaintiff was sent to USCD, an "outside" hospital. (*Id.* at 5.) Plaintiff alleges they sent him to the outside hospital because he continued to have the symptoms that he complained of on the day he was examined at the CTC. (*Id.*) Plaintiff claims the doctors at UCSD informed him that he did have a fractured skull as a result of the gunshot and they found the prison medical staff "had indeed been negligent with the inadequate medical care." (*Id.*) After two days at UCSD, Plaintiff was returned to the prison where he claims he still has not received adequate medical attention. (*Id.*)

Plaintiff alleges that he told prison medical doctors Defendants Ko, Sangha and Zamora that he continues to "suffer severe headaches, my vision gets blurry, I get dizzy." (*Id.*) Plaintiff claims that when he was interviewed by Defendant Ko, he told him of his hurt back, numb feet, and "persistent headache." (*Id.* at 6.) Plaintiff alleges Defendant Ko refused to allow x-rays or prescribe stronger pain medication and instead would only provide Plaintiff with a cane. (*Id.*) Plaintiff appealed to Defendant Sangha who also denied his requests. (*Id.*) On June 24, 2011, Plaintiff went "man down" in his cell "due to severe back pain." (*Id.*) However, Defendant Ko continued to refuse to provide treatment to Plaintiff. (*Id.*) Instead, Defendant Ko told Plaintiff "there was nothing wrong" with him and threatened to issue Plaintiff a rules violation report.

### III. DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

Defendants move to dismiss the excessive force claims in Plaintiff's Complaint on the grounds that they should be dismissed for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

#### A. Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)

Defendants claims Plaintiff failed to exhaust available administrative remedies as to the claims against them pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, Defendants seek dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including

1 a non-enumerated motion under FED.R.CIV.P. 12(b). *See Wyatt v. Terhune*, 315 F.3d 1108, 1119
2 (9th Cir. 2003) It is also well established that non-exhaustion of administrative remedies as set
3 forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the
4 burden of raising and proving. *See Jones v. Bock,* 594 U.S. 199, 216 (2007); *Wyatt*, 315 F.3d
5 at 1119.  However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure
6 to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed
7 issues of fact." *Wyatt*, F.3d at 1120.

**B.     Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)**

9 The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide
10 that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a
11 prisoner confined in any jail, prison or other correctional facility until such administrative
12 remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of
13 the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v.*
14 *Nussle*, 534 U.S. 516, 532 (2002).  42 U.S.C. § 1997e(a) has been construed broadly to "afford
15 [ ] corrections officials time and opportunity to address complaints internally before allowing
16 the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general
17 circumstances and particular episodes of prison life--including incidents of alleged excessive
18 force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint
19 under § 1983 may be entertained," "regardless of the relief offered through administrative
20 procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*,
21 311 F.3d 1198, 1200-01 (9th Cir. 2002).

22 The State of California provides its prisoners and parolees the right to administratively
23 appeal "any departmental policies, decisions, actions, conditions, or omissions that have a
24 material adverse effect on the welfare of inmates and parolees."   CAL. CODE REGS., tit. 15
25 § 3084.1(a) (2011).  Prior to January 28, 2011, in order to exhaust available administrative
26 remedies within this system, a prisoner would proceed through several levels:  (1) informal
27 resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal
28 to the institution head or designee, and (4) third level appeal to the Director of the California

Department of Corrections. CAL. CODE REGS., tit. 15 § 3084.1(a) (2010). However, in January 2011, the process was changed. Following January 28, 2011, prison regulations no longer required an inmate to submit to informal resolution while the other remaining levels remain the same. CAL. CODE REGS. tit. 15 § 3084.5 (2011).

### C.     Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case

Defendants argue that Plaintiff did file an administrative grievance related to the excessive force claims but it was untimely. (Defs.' Memo of Ps & As in Supp. of MTD, ECF No. 13-1, at 11.) In support of their claims, Defendants supply the declarations of J. Jimenez, Appeals Coordinator for CEN (ECF No. 13-4) and J.D. Lozano, Chief of the Offices of Appeals (ECF No. 13-3).

In his Declaration, J. Jimenez states that Plaintiff submitted a grievance on March 3, 2011 regarding the alleged excessive force claims on January 20, 2011. (*See* Jimenez Decl. at ¶ 8.) However, this appeal "was cancelled and sent back to Plaintiff because he did not file it within 30 days of the event being appeal." (*Id.*) Plaintiff submitted another appeal "challenging the cancellation of his March 3, 2011" appeal. (*Id.* at ¶ 9, Ex. "B," Inmate/Parolee Appeal CDCR 602 dated April 25, 2011, Log No. 11-00378.) In this appeal, Plaintiff argues that the time constraints could not be complied with because he was having difficulties with headaches, as well as obtaining the necessary documentation to support his claims. (*Id.*) This appeal was also denied. (*Id.*) Specifically, in this request, Plaintiff indicates that his headaches lasted for two weeks after the alleged incident. (*Id.* at 2.) However, as Plaintiff himself acknowledges, he had thirty (30) days to file a grievance and therefore, it does not appear that his medical condition prevented him from filing the grievance in a timely manner.

Plaintiff filed another appeal to the Third Level Appeal Decision. (*See* Lozano Decl. at ¶ 9.) It was determined that his injuries did not prevent him from timely filing his initial appeal and therefore, his appeal was again denied and the "allegations contained within the cancelled appeal (related to the January 20, 2011 allegations of excessive force) were not considered." (*Id.*)

///

The Supreme Court has made clear that Plaintiff must "properly exhaust" his administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court." *Id.* Plaintiff has failed to submit any evidence to rebut Defendants' showing that he failed to properly exhaust his administrative grievances prior to bringing this action.

For all the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). This dismissal is without prejudice to permit Plaintiff to file a separate action once he has properly exhausted his administrative remedies.

**IV.    Defendants' Motion to Dismiss pursuant to fed.r.civ.p. 12(b)(6)**

    **A.    Eighth Amendment inadequate medical care claims**

Defendants move to dismiss Plaintiff's Eighth Amendment inadequate medical care claims on the grounds that they argue they were not deliberately indifferent to his serious medical needs. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the

existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

First, Defendants argue that Plaintiff has failed to allege a serious medical need. The Court disagrees. Plaintiff has alleged that prison officials used pepper spray against him and he was shot twice by prison guards. (*See* Compl. at 4-5.) Further, Plaintiff claims the doctors at UCSD informed him that he had a fractured skull as a result of the gunshots. (*Id.* at 5.) Defendants cite to a second level grievance response as "evidence" that Plaintiff had no serious medical need. However, this is Defendants summary of their version of the facts. To make an argument of this nature, Defendants should raise it, with properly evidentiary support, in a motion for summary judgment. These claims do not defeat Plaintiff's allegations of a fractured skull which is sufficient for the Court to find that he has adequately alleged a serious medical need.

Defendants then argue that Plaintiff has not alleged facts sufficient to show that any of the named Defendants were "deliberately indifferent" to his serious medical needs. Plaintiff alleges that he told prison medical doctors Defendants Ko, Sangha and Zamora that suffers from "severe headaches, my vision gets blurry, I get dizzy." (Compl. at 5.) Plaintiff alleges that Defendant Ko "refused" to treat Plaintiff and threatened him with a rules violation report in response to Plaintiff's requests for medical attention. (*Id.* at 6.) When Plaintiff sought relief from Dr. Sangha, he also alleges that Dr. Sangha refused to provide him with medical attention. (*Id.*) Thus, as for Defendants Ko and Sangha, the Court finds that Plaintiff has adequately

alleged that these Defendants were deliberately indifferent to Plaintiff's serious medical needs. However, other than alleging that he informed Defendant Zamora of his medical issues, Plaintiff does not allege anything that Defendant Zamora did or failed to do with regard to his medical treatment. Therefore, the Court finds that Plaintiff has not alleged an Eighth Amendment deliberate indifference to serious medical needs as to Defendant Zamora.

### B. Personal causation

Defendants De La Trinidad, A. Garcia and V. Lerma move to dismiss Plaintiff's Complaint on the grounds that there are no factual claims in the Complaint that support the necessary causation requirement. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). It appears that these Defendants may be the "Does" listed in Plaintiff's Complaint. However, Plaintiff must seek leave to amend his pleading to substitute their true names. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Because Plaintiff has not sought leave to amend his Complaint, there is no way for this Court or these Defendants to know which claims Plaintiff is seeking to hold them liable. Accordingly, the Court finds that Plaintiff has failed to state any facts that would hold Defendants De La Trinidad, A. Garcia or V. Lerma liable for the alleged deprivation of his constitutional rights.

### IV. Conclusion and Order

For the reasons set forth above, the Court hereby:

1) **GRANTS** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims without prejudice for failing to exhaust his administrative remedies

pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e;

2) **DENIES** Defendants Ko and Sangha's Motion to Dismiss Plaintiff's Eighth Amendment inadequate medical care claims pursuant to FED.R.CIV.P. 12(b)(6);

3) **GRANTS** Defendant Zamora's Motion to Dismiss Plaintiff's Eighth Amendment inadequate medical care claims pursuant to FED.R.CIV.P. 12(b)(6);

4) **GRANTS** Defendants De La Trinidad, Garcia and Lerma's Motion to Dismiss Plaintiff's claims against them pursuant to FED.R.CIV.P. 12(b)(6).

**IT IS FURTHER ORDERED that**:

Defendants Ko and Sangha shall serve and file an Answer to Plaintiff's Complaint within the time prescribed by FED.R.CIV.P. 12(a)(4)(B).

**IT IS SO ORDERED.**

DATED: June 26, 2013

HON. IRMA E. GONZALEZ
United States District Judge